## No. 11,410

### Orleans

### BICHARD v. LIDEL

(January 7, 1929. Opinion and Decree.)

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

Edw. Dinkelspiel, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The plaintiff was a lodger in a lodging house operated by defendant. He made a trip to Cuba, leaving some of his belongings in his room. When he returned some of his property was gone. He seeks to hold defendant responsible for his loss as an innkeeper. The value put upon the lost articles by plaintiff is $295.75. Defendant and other roomers who saw the property in plaintiff's room, when plaintiff was absent in Cuba, refer to it as old clothes and trash.

Among the items claimed to have been lost by plaintiff are three diamond rings, one sapphire stick pin and two $10.00 bills in United States currency. If plaintiff left these items in his room during his absence in Cuba, he has more faith and less caution than the ordinary lodger and his statement in that regard, bears heavily upon our credulity.

The defendant landlord claims that, at the time plaintiff was absent, the room which plaintiff had occupied was vacant, by reason of plaintiff having left without paying his room rent or advising defendant of his intended departure, and, that, consequently such property as was left in the room, which he estimates at little or nothing in value was removed by him in order to permit the letting of the room to another lodger, and that in some way the effects abandoned by plaintiff were lost or stolen under circumstances involving no responsibility on his part. There is only plaintiff's statement to the contrary. He insists that the room had been paid for in advance, and that he left his belongings there during his absence in Cuba, because they were not needed by him on his trip, and because he was confident of finding them there upon his return. This assertion on plaintiff's part and denial on defendant's part leaves the question of the relationship of innkeeper and lodger, relied upon by plaintiff as creating the responsibility in defendant for the value of his lost property, unproven and, besides plaintiff's statement about his money and diamond rings does not add any force to his testimony nor increase its plausibility.

We are, therefore relieved of the necessity of considering the legal question concerning the responsibility of an innkeeper under the conditions set forth in plaintiff's petition.

The judgment appealed from, is for the reasons assigned, affirmed.